PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKIE GRAEWE, | ) | CASE NO. 5:10CV0506 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | BENITA Y. PEARSON |
| | ) | |
| JESSE WILLIAMS, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

## I. Introduction

Before the Court is Petitioner Frankie Graewe's *pro se* motion to expand the record. ECF No. 9. Based upon the record and applicable law, the Court denies Petitioner Frankie Grawe's motion.

## II. Discussion

Rule 5 of the Rules governing Section 2254 cases requires that Respondent include with its answer "what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available . . . and *what proceedings have been recorded but not transcribed*." (emphasis added). Additionally, "the Court may direct the parties to expand the record by submitting additional materials relating to the petition." Rules governing section 2254 petitions – Rule 7(a).

Frankie Graewe ("Graewe" or "Petitioner"), relying upon Rule 5, has moved the Court to order Respondent to "include the actual DVD audio and video recordings of the trial." ECF No. 9 at 1. Respondent informed that "no such recordings exist." ECF No. 11 at 1. Additionally,

Respondent recites well established law relative to the management of habeas corpus proceedings, to writ:

> [H]abeas review is not *de novo*. Under the standard established by the AEDPA, petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). The federal court must, under this standard, evaluate the reasonableness of the [S]tate court decision which was based on the [S]tate appellate court's review of the trial transcripts, not a recording.

The Court agrees.

Rule 5(c) directs the production of existing transcripts that Respondent considers relevant and permits courts to order the transcription of untranscribed records that are otherwise not available. *See Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008) (affirming death sentence), rehearing en banc denied. Rule 5 also permits the submission of a narrative summary of the evidence if a transcript cannot be obtained.

In this case, it is undisputed that transcripts are available, were relied upon by the State court, and have been provided to this Court. Additionally, Respondent has pledged that a DVD of Petitioner's trial proceedings does not exist.[1] Any recordings made by the court reporter in aid of her transcription responsibilities have been transcribed, as noted in the certification. *See* ECF No. 12 at 4. The record before the Court comports with Rule 5.

---

[1] "Respondent has looked into the matter and determined that no such recordings exist. The docket sheet fails to indicate that any such recordings were filed with the court. Moreover, the prosecutor's office has advised respondent that the trial court does not make DVD recordings of the trial." ECF No. 11 at 1.

The expansion of the record is left to the discretion of the court. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988). Rule 7 guides the submission of additional materials. Rules governing section 2254 petitions–Rule 7(b). In this case, Graewe seeks to expand the record by the submission of non-existent DVDs or, to the extent it exists, material redundant to that already a part of the record. Petitioner has presented no factual or legal basis catapulting his claims of prosecutorial misconduct outside of the heartland of cases in which similar allegations are evaluated, in accordance with the AEDPA,[2] based upon the trial transcripts and with deference to the State appellate court decision.

This Court will rely upon the transcripts of trial proceedings when evaluating Petitioner's grounds for relief.

### III.  Conclusion

Graewe's motion for the expansion of the record to include any "DVD audio or video recordings" of his trial proceedings is denied as redundant and otherwise unnecessary for the administration of justice.

Court will provide a copy of this Order, *via* U.S. mail, to Petitioner Frankie Graewe. A copy of this Order will also be sent to the Warden, *via* U.S. mail.

IT IS SO ORDERED.

December 10, 2010                                         s/ *Benita Y. Pearson*
Date                                                                United States Magistrate Judge

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").